UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N⁰ 11-CV-0321 (JFB)
_____

DEDORA BAYNE,

Plaintiff,

VERSUS

HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT, NASSAU COUNTY COMMISSION ON HUMAN RIGHTS AND U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES.

Defendants.

_____

**MEMORANDUM AND ORDER**
January 17, 2012
_____

Joseph F. Bianco, District Judge:

*Pro Se* plaintiff DeDora Bayne ("plaintiff" or "Bayne") brings this action pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1985 ("Section 1985") and 42 U.S.C. § 1983 (Section 1983)[1] against defendants, the Nassau County Commission on Human Rights ("NCCHR")[2] and the US Department of Health and Human Services[3]

---

[1] The plaintiff does not specifically state that she is bringing her action pursuant to HIPAA, Section 1985 and Section 1983. However, in an abundance of caution, the Court construes the allegations in the compliant liberally as claims for a violation of HIPAA, conspiracy pursuant to Section 1985 and deprivation of the plaintiff's constitutional rights pursuant to Section 1983.

[2] As a threshold matter, the Court notes that the Nassau County Commission on Human Rights is an "administrative arm[ ]" of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity. *See, e.g., Caidor v. M & T Bank*, No. 5:05–CV–297, 2006 WL 839547, at *2, 2006 U.S. Dist. LEXIS 22980, at *6–7 (N.D.N.Y. Mar. 27, 2006) ("'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" (quoting *Hall v. City of White Plains*, 185 F.Supp.2d 293, 303 (S.D.N.Y.2002)). As such, the Court will construe plaintiff's complaint as lodged against the County of Nassau.

[3] Plaintiff also brings this action against the Health Insurance Portability and Accountability Act ("HIPAA"). However, HIPAA is a bill enacted by

1

(collectively the "defendants"), alleging that the defendants failed to intervene on her behalf when unknown persons or entities conspired to defame her. The NCCHR now moves for an order dismissing the complaint in its entirety, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the complaint is dismissed in its entirety with prejudice as factually and legally frivolous.

I. THE COMPLAINT

The following facts are taken from the complaint and are not findings of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motion to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party.

The alleged acts occurred from approximately 1997 through 2010. (Complaint at 2.) According to the plaintiff, it appears as though unknown persons or entities have been engaged in a system of profiling plaintiff that has placed Bayne in legally compromising situations and in physical danger. (*Id*. at 3.) Plaintiff states that the profiling "was designed to aggregate features of other people who themselves met a forensic criteria over the years, that I did not have historically because my appearance, health, lifestyle personal habits and circumstances were historically different and I had surgery in 1997." (*Id*.) Plaintiff also alleges that it was designed to deprive her of her civil liberties and civil rights under the law as she has been unable to get unbiased legal representation. (*Id*. at 2-3.)

---

Congress. Therefore, it is not an entity that can be sued. Accordingly, the Court *sua sponte* dismisses the claims against HIPAA.

As examples of this conduct, plaintiff points to several incidents. Plaintiff notes that each Sunday, since August 2010, she has contacted the New York State Unemployment Department to certify for unemployment benefits by using a payphone at a supermarket in Nassau County. (*Id*. at 3.) Plaintiff alleges that a satellite format is picking up her conversation and broadcasting it to the public. (*Id*).

Plaintiff also notes that, in December 2010, she went to pay her car insurance and the woman at the counter wrote down three digits that resembled her social security number. (*Id*.) According to plaintiff, because she knew that the State of New York and satellite were using a covert form of surveillance, she asked the woman to clarify what she was doing. (*Id*. 3-4.) The woman stated that she was writing down codes used for her job and that she did not need a social security number. (*Id.* at 4.) Plaintiff believes that the formats being used will "pick this up as me giving the wrong information to a clerk when in fact the entire matter would be taken out of context and exploit the elements of lapse in time between events." (*Id*.)

Plaintiff also alleges that, after she was fired from her job on March 22, 2010, she became aware of the fact that her activities in her apartment were being broadcast publically via alternative media formats by persons with propriety purposes, media purposes, risk management purposes and profiling. (*Id*. 4-5.) She contacted the defendants "encouraging them to intervene not only on my behalf but on behalf of others who were similarly situated, but who are no longer with us."(*Id*. at 5.) According to plaintiff, "[d]efendants placed themselves deliberately in conflict of interest situation and failed to contact me, despite having my email address." (*Id*. 5.)

2

Plaintiff also notes that in June 2010, she lost her apartment and had to live in unsafe and unsanitary living conditions.  (*Id*.) Plaintiff avers that "[s]everal groups of people and entities with different objectives and motivations, opportuned this period of my life to their advantage and having been using the results of their research and development projects and their advantage and the funding provided by the government as means of undue influence and to sway public opinion." (*Id.*)

Plaintiff alleges that she informed the defendants of this activity and that the techniques, methods, devices, instrumentation, and technology being employed to effect the system of profiling was extremely biased, unconstitutional and lacked safeguards against producing fraudulent content data. (*Id*. at 3.) Plaintiff also alleges that she contacted the defendants to complain about various intrusions into her privacy by such unknown sources or entities and the publication by such sources of private information about her. (*Id*. at 4-5.) Moreover, plaintiff states that she "informed the defendants that neither my family nor myself have been informed of any health issues that have been circulating publically.  Therefore, whatever the officials were exposed to, questions should have been raised as to the accuracy of the information being circulated which could only be established by talking to me and doing an in[-]depth investigation by contacting me directly.  Since this did not happen, my rights under the Constitution have been violated based on prejudice, by the defendants." (*Id.* at 6.)

II. PROCEDURAL HISTORY

On January 20, 2011, plaintiff filed her complaint.  On August 2, 2011, the NCCHR requested a pre-motion conference in anticipation of filing its motion to dismiss.  This Court waived the pre-motion conference and set a briefing schedule for NCCHR's motion to dismiss.  The NCCHR submitted its motion to dismiss on September 6, 2011.  The briefing schedule indicated that plaintiff was to serve her opposition to the motion on or before October 6, 2011, however, plaintiff failed to submit an opposition to the motion.  On October 17, 2011, the NCCHR requested that this Court consider the defendants' motion for summary judgment fully briefed.  On January 6, 2012, well after her opposition brief was due, plaintiff filed her opposition.  Although the response was several months late, the Court has fully considered that submission, as well as all other submissions in the case. The U.S. Department of Health and Human Services ("HHS") has not answered or appeared in this action.[4]

III. DISMISSAL UNDER RULE 8

A.  Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, *N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577

---

[4]  It is not clear whether plaintiff properly served HHS in this action.  In any event, the Court finds that plaintiff's claims against HHS also are unintelligible, fanciful, and frivolous.  Accordingly, the NCCHR's motion to dismiss is granted and the Court *sua sponte* dismisses the complaint as to the U.S. Department of Health and Human Services.

3

(2005) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)).

In *Twombly*, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

550 U.S. at 556 n. 3 (quoting *Conley*, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94, 95 (3d ed.2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 8(a) is "not meant to impose a great burden upon a plaintiff." *Dura Pharms.*, 544 U.S. at 347. As the Second Circuit has observed, "[d]ismissal pursuant to the rule 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

In addition, in considering a motion under Rule 8(a), courts should liberally construe the complaint of a *pro se* litigant in his or her favor. *Salahuddin*, 861 F.2d at 42; *see also Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991) ("[T]he Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel." (citations omitted)).

However, as the Second Circuit has held, Rule 8(a) does not indicate that "[p]laintiffs bear no burden at the pleading stage." *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006). Instead, a court retains the power, "[w]hen a complaint does not comply with the requirement that it be short and plain, . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42; *see, e.g.*, *Russo-Lubrano v. Brooklyn Fed. Sav. Bank*, No. 06 Civ. 0672(CPS), 2007 WL 121431, at *4 (E.D.N.Y. Jan. 12, 2007) (dismissing claims of *pro se* litigant pursuant to Rule 8(a)). "Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous." *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

Finally, regardless of whether a plaintiff has paid the filing fee, a district court has the

4

inherent power to *sua sponte* dismiss a frivolous case. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *see also Hawkins-El III v. AIG Federal Savings Bank*, 334 F. App'x 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York*, No. 10-CV-5469 (SLT)(RER), 2011 WL 3701923, *2 (E.D.N.Y. Aug. 23, 2010) (even where a pro se plaintiff "has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or that the court lacks jurisdiction over the matter"); *Reyes v. Reyes*, No. 11-CV-2536(KAM), 2011 WL 3625562, *2 (E.D.N.Y. Aug. 16, 2011) (dismissing fee paid complaint *sua sponte*); *Gianello v. Port Authority of N.Y. and N.J.*, No. 11 Civ. 3829(JGK), 2011 WL 2436674 (S.D.N.Y. June 16, 2011) ("The Court has the authority to dismiss sua sponte a complaint, or portion thereof, for which a plaintiff has paid the filing fee where the plaintiff presents no arguably meritorious issue.").

It is well-established that an action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed.2d 340 (1992); *see also Gelish v. Social Sec. Admin.*, No. 10-CV-3713 (JS), 2010 WL 3780372, at *4 (E.D.N.Y. Sept. 17, 2010); *McCormick v. Jackson*, No. 07-CV-7893 (JSR), 2008 WL 3891260 (S.D.N.Y. Aug. 21, 2008).

B. Application

The NCCHR argues that the complaint fails to give "fair notice" of the claims asserted by plaintiff or the basis for plaintiff's claims. For the reasons that follow, the Court agrees and finds that the complaint fails to satisfy the minimal pleading requirements of Rule 8(a). That is, applying a relatively more "flexible standard" for determining the sufficiency of a *pro se* complaint, the Court finds that the complaint "is so . . . ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42.

Plaintiff's complaint is largely unintelligible and, in any event, fanciful and frivolous. As detailed *supra*, it appears as though plaintiff believes that she is being subjected to profiling and satellite tracking by persons that are unknown to her. While she inartfully details examples of this profiling by unknown parties, the only allegation plaintiff appears to be making against the defendants is that she reported this conduct to the defendants and they did not intervene. However, plaintiff, *inter alia*, fails to explain what she reported to the defendants or what action they were required to take in response. Thus, the series of scattered facts are simply incomprehensible. Defendants cannot be expected to parse plaintiff's complaint into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations against them.

Accordingly, after carefully examining the complaint and applying a "flexible

standard in determining the sufficiency of a *pro se* complaint," *Platsky*, 953 F.2d at 28, the Court finds that the complaint is so vague and ambiguous that the defendants are unable to identify the nature of the case, respond to the complaint, and prepare for trial. Thus, the complaint is dismissed under Rule 8.

IV. DISMISSAL UNDER RULE 12(B)(6)

The NCCHR also argues that, to the extent plaintiff attempts to plead claims pursuant to HIPAA, Section 1985 and Section 1983, those claims could not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth below, the Court agrees.

A. Legal Standard

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

As set forth *supra*, the Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. New York State Unified Ct. Sys.*, No. 10–CV2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed.App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

B. Application

1. HIPAA Claim

To the extent plaintiff appears to be alleging that the defendants violated HIPAA because they failed to intervene and prevent the dissemination of her personal information to the public by unnamed sources, that claim cannot possibly survive a motion to dismiss. In particular, the Court concludes that this claim is without merit because there is no private right of action

under HIPAA. *See Block v. Pike*, No. CV-09-5503 (RRM), 2010 WL 2606355 at *6 (E.D.N.Y May 20, 2010) (citing *Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F.Supp. 2d 371, 377 (S.D.N.Y. 2009); *Pecou v. Forensic Comn. Pers.*, No. 06-CV-3714 (SJF), 2007 WL 1490450, at *2 (E.D.N.Y. Jan 5, 2007.) Accordingly, plaintiff's claim that the defendants violated HIPAA must be dismissed.

2. Section 1985 Claim

To the extent plaintiff is attempting to allege that she is the victim of a conspiracy by unknown persons or entities under Section 1985, that claim cannot survive a motion to dismiss.

Section 1985(3) prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protection of the laws, or of equal privileges and immunities under the laws.[5] In order to establish a claim under § 1985(3), plaintiff must establish four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; [and] (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). The conspiracy must be motivated "by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)).

Plaintiff only offers conclusory allegations that a conspiracy has taken place. Plaintiff fails to provide specific facts, such as the dates of such alleged events or who in fact was involved in the conspiracy. Moreover, apart from defendants not responding to her complaints in the manner in which she would like, plaintiff has failed to set forth defendants' involvement in any alleged conspiracy. In addition, plaintiff's complaint fails to state that she is in a protected class of persons and that the defendants conspired against her for that reason. Accordingly, any claim pursuant to Section 1985 must be dismissed in its entirety.

3. Section 1983 Claim[6]

---

[5] As noted *supra*, plaintiff does not indicate that she is bringing her claim pursuant to Section 1985, but merely alleges that a conspiracy is taking place and defendants did not intervene. However, after reviewing the complaint, the Court, in an abundance of caution, construes plaintiff's allegations as a claim for relief under Section 1985(3).

[6] NCCHR also argues that the complaint is barred in part by the statute of limitations. The NCCHR argues that there is no federal statute of limitations within which claims under Section 1983 must be brought, but that pursuant to New York Law, a three year statute of limitations applies. (NCCHR's Mem. of Law. At 7-8.) Therefore, according to NCCHR, because the plaintiff has alleged that some of the acts occurred in 1997, some of plaintiff's claims are time barred. This Court agrees. There exists no federal statute of limitations within which claims under Section 1983 must be brought. *See Wilson v. Garcia*, 471 U.S. 261, 266-267, 105 S.Ct. 1938 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering Section 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573 (1989). In New York, pursuant to New York Civil Practice Law and Rules Section 214, a three year statute of limitations exists "to recover upon a liability, penalty or forfeiture created or imposed by statute." N.Y.C.P.L.R. § 214(2). In this case, the complaint was filed on January 20, 2011.

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law.  42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Here, plaintiff alleges that she was the victim of a conspiracy conducted by unknown persons or entities and that the defendants failed to intervene when they were notified.  Although plaintiff alleges that she was prejudiced and her rights under the Constitution were violated by the defendants actions, even construing plaintiff's claim liberally, it is unclear what rights were deprived plaintiff by defendants' actions.  Plaintiff details an alleged conspiracy by unknown persons or entities, but fails to provide any facts that would implicate any wrongdoing by the defendants.  Accordingly, to the extent that plaintiff has attempted to plead a claim for relief under Section 1983, her claims must be dismissed.

### V. LEAVE TO RE-PLEAD

This Court recognizes that generally "if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend." *Simmons*, 49 F.3d at 87.  The Second Circuit has emphasized:

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted).  Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give [leave to amend] when justice so requires." Fed.R.Civ.P. 15(a).  Thus, in dismissing plaintiff's complaint, the Court has considered whether to dismiss with or without prejudice.  However, the Court declines to provide plaintiff with an opportunity to re-plead and dismisses the complaint with prejudice for three reasons.

First, plaintiff has not requested an opportunity to re-plead.  Thus, the Court declines to grant leave to re-plead, and failed to explain how any amendment could possibly state a plausible legal claim. *See, e.g.*, *Ackermann v. Doyle*, 43 F. Supp.2d 265, 275 (E.D.N.Y. 1999) ("the Court is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead.  The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility.  In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.")

Second, as discussed above, plaintiff's claims could not survive a Rule 12(b)(6) motion and, thus, any attempted amendment would be futile.  After carefully reviewing the complaint (and plaintiff's opposition papers), it is abundantly clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[ ] of action is substantive; better pleading will not cure it. Repleading would thus be futile.  Such a futile request to replead should be

---

Accordingly, to the extent *pro se* plaintiff seeks relief for acts that took place prior to January 20, 2008, the claims are time-barred and must be dismissed.

8

denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend the complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

Finally, a court may dismiss without leave to amend when "the substance of the claim pleaded is frivolous on its face." *Salahuddin*, 861 F.2d at 42; *see also Bloom v. United States Government*, 02 Civ. 2352, 2003 U.S. Dist. LEXIS 18087, at *23 (S.D.N.Y. Oct. 7, 2003). As discussed *supra*, "[a] claim is frivolous when it is vague and incomprehensible, or when it is supported by baseless factual allegations describing fantastic or delusional scenarios." *Bloom*, 2003 U.S. Dist. LEXIS 18087, at *23 (internal citations and quotation omitted). Here, there is no question that the claims are vague and incomprehensible, and are supported by fantastic and delusional allegations. Plaintiff's opposition to the motion to dismiss is similarly unintelligible and fanciful. *See* Plaintiff's Response to Motion to Dismiss, at 1 ("I, DeDora Bayne, do hereby respectfully ask the Court not to dismiss this action on the grounds that due to the negligence of the Defendants, I now find myself in clear and present danger. An Order of Protection and Injunctive relief to halt all computer interface activity via machine, virtual immersion, sensor, applications and systems design by the general public as there is reason to fear for my health and safety. . . .To get the desired responses, scientific methods and biotechnology are being employed recklessly yielding false-positive results. Research formats are using data obtained resulting from observer bias and error while media formats and the government have been capturing this fiasco and coding same with erroneous data based on guidelines."). Under these circumstances, given the clearly frivolous nature of these claims, leave to re-plead is unwarranted.[7]

## VI. CONCLUSION

For the foregoing reasons, NCCHR's motion to dismiss plaintiff's complaint, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, is granted. Moreover, for the same reasons, the claims against the remaining defendants are *sua sponte* dismissed. Any pending motions filed by plaintiff are denied as moot. Finally, any leave to amend is denied as futile, and the complaint is dismissed in its entirety with prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:    January 17, 2012
          Central Islip, NY

\* \* \*

Plaintiff is representing herself *pro se*: DeDora Bayne c/o Edith Rodney, 3525 Edson Avenue, Bronx, New York 10466. The attorney for the defendant Nassau County Commission on Human Rights is

---

[7] On July 14, 2011, plaintiff also filed a motion for "[a] statewide order to halt all sale, auction or seizure" of certain documents and to "[h]alt all efforts designed to have plaintiff institutionalized." On August 1, 2011, plaintiff also filed a motion to "[h]alt all use of behavioral techniques which have been in violation of the Human Rights laws." As discussed *supra*, plaintiff's complaint is frivolous and is dismissed. Accordingly, these motions are denied as moot.

Liora M. Ben-Sorek, Nassau County Attorney's Office, One West Street, Mineola, New York 11501.